# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff-Respondent,**

**vs.**                                  **No.**    **CIV 00-1383 JC/LCS**
                                                           **CR 96-72 JC**

**LONNIE RAY WISEMAN,**

        **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

        **THIS MATTER** came before the Court on Movant's (Wiseman's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Wiseman, currently incarcerated and represented by appointed counsel, attacks the Amended Judgment and Sentence entered on October 29, 1997, in the case styled *United States of America v. Lonnie Ray Wiseman*, and numbered CR 96-72 JC, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and recommends that it be **DENIED**.

## PROPOSED FINDINGS

        1.        Wiseman and his co-defendant, Thomas Martin, were charged with six grocery store robberies across New Mexico between September 22 and November 15, 1995. During the final two robberies, Martin displayed a "Tec-9" semi automatic firearm that he was carrying under his coat.

The pair was apprehended in Arkansas, about two weeks following their final New Mexico robbery.

2.      On February 8, 1996, Wiseman and Martin were indicted for six counts of robbery affecting interstate commerce and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1951 (a)(1) (Counts 1-5 and 7), and two counts of use of a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c)(1) (Counts 6 and 8).  (Doc. 1.)  Wiseman, through his former appointed counsel Armando Torres, filed a Motion to Suppress, a Motion to Sever, and a Motion to Adopt Motions filed by Martin.  (Docs. 21; 23; and 25.)  After hearing on the Motion to Suppress, the Court denied these motions on January 10, 1997.  (Doc. 48; 49; and 50.)  On January 16, 1997, Torres was relieved from further representation, and was subsequently replaced by current appointed counsel, Jacqueline Robbins.

3.      Robbins filed a Motion for Order Re-opening Hearing and Reconsideration of Motion to Suppress Statement (Doc. 74), and a Motion to Suppress Out of Court and In Court Identification, (Doc. 86), which were denied. (Doc. 114; 127.)  However, after a hearing, the Court granted Robbins' Motion to Reconsider Decision Regarding Motion to Sever and severed Wiseman's trial from that of Martin. (Doc. 126.)

4.      On April 17, 1997, Martin pleaded guilty to Counts 2 and 5 pursuant to a plea agreement (Doc. 135; 136), but did not testify at trial.  Wiseman proceeded to a jury trial and was convicted on all eight counts on April 23, 1997.  (Doc. 148.)  Wiseman was sentenced to 235 months on Counts 1 -5, to run concurrently, 120 months on Count 6, to run consecutively, and 240 months on Count 8, to run consecutively, for a total term of incarceration of 595 months, to be followed by three years supervised release. (Doc. 189.)  The 595-month federal sentence was ordered to run consecutively to a thirty-year state sentence, which Wiseman is currently serving.

5.      Wiseman filed a direct appeal.  (Doc. 190.)  On April 5, 1999, the Tenth Circuit affirmed.  *United States v. Wiseman*, 172 F. 3d 1196 (10th Cir. 1999).  Wiseman filed a petition for a writ of certiorari, which was denied on October 4, 1999.

6.      On October 2, 2000 Wiseman filed his § 2255 motion, raising the following grounds for relief:

   A.    Wiseman's Fifth, Sixth and Fourteenth Amendment rights were violated when he was sentenced to 120 months as to Count 6, without a finding by the jury that the government had proven beyond a reasonable doubt that he used or carried a semi automatic assault rifle as charged in Count 6 of the indictment;

   B.    Wiseman's Fifth, Sixth and Fourteenth Amendment rights were violated when he was sentenced to 240 months as to Count 8, without a finding by the jury that the government had proven beyond a reasonable doubt that the conviction of the crime alleged in Count 8 of the indictment constituted his second conviction under 18 U.S.C. § 924 (c)(1);

   C.    Wiseman's Fifth, Sixth and Fourteenth Amendment rights were violated by denial of his Motion to Re-open Hearing and Reconsideration of Denial of Motion to Suppress Statement;

   D.    Wiseman's Fifth and Fourteenth Amendment rights were violated by the Court's denial of his Motion to Suppress Out of Court and In Court Identification.

7.      A collateral challenge under 28 U.S.C. 2255 is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition, or (2) a federal sentence that has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge.  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994).  Because the federal sentence was ordered to run consecutively to the state sentence that Wiseman is currently serving, jurisdiction is conferred by §2255.  *Id*.  The Motion, filed within one year of the denial of certiorari, is timely under the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2255.  Furthermore, an evidentiary hearing is not required because the

3

Court has determined that the motion, files, and records of this case conclusively show Wiseman is entitled to no relief. *See* 28 U.S.C. § 2255.

8.      The Government contends that Issues C and D are not cognizable because Wiseman raised them on direct appeal.  The Tenth Circuit ruled against Wiseman on all of his claims, except for an ineffective assistance of counsel claim relating to the motion to suppress statement, which was dismissed without prejudice.  Absent an intervening change in law, issues disposed of on direct appeal are not subject to consideration in a § 2255 collateral attack. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978).  Because Issues C and D, except to the extent Issue C raises a claim for ineffective assistance of counsel, were resolved on direct appeal, they are not subject to review herein. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (issues considered and addressed on direct appeal may not be raised on collateral review under § 2255); *United States v.  Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (issues addressed on direct appeal not cognizable under § 2255).  Therefore, Issues C and D, except to the extent that Issue C raises a claim for ineffective assistance of counsel, should be dismissed because they were raised and affirmed on direct review.

9.      Wiseman argues that his former counsel, Armando Torres, was ineffective in litigating the motion to suppress.  Wiseman alleges no facts or law in support of this claim herein, but incorporates by reference all allegations and arguments made in his Motion to Re-open Hearing and Reconsider Denial of Motion to Suppress Statement (Doc. 74.)  In that Motion, Wiseman argued that Torres was ineffective because the attorney client relationship had deteriorated to the extent that Torres could not act as counsel prior to the hearing of January 9, 1997, and that Torres failed to properly develop facts and argue issues at the suppression hearing.

10.     In order to establish ineffective assistance of counsel, Wiseman must show Torres'

representation fell below an objective standard of reasonableness and there is a reasonable probability

that, but for his unprofessional errors, the result of the proceedings would have been different. *See*

*Strickland v. Washington*, 466 U.S. 668 (1984).   To demonstrate constitutional deficiency, Wiseman

must show that counsel's performance was completely unreasonable, not simply ill-advised in

hindsight. *See Fowler v. Ward*, 200 F.3d 1302, 1309 (10th Cir. 2000); *Hoxsie v. Kerby*, 108 F.3d

1239, 1246 (10th Cir.1997).  Similarly, to show unconstitutional prejudice, Wiseman must

demonstrate that but for counsel's errors, there is a reasonable probability that the result of the

proceedings would have been different. *Strickland*, 466 U.S. at 694.  An ineffective assistance claim

may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d

1447, 1457 (10th Cir.1995).

11.     The *Strickland* inquiry is " 'highly deferential' to counsel, presuming reasonable

judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362,

1367 (7th Cir.1997). A fair assessment of attorney performance requires a reviewing court "to

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S.

at 689.  In support of his claim of ineffective assistance, Wiseman attempts to second-guess Torres'

strategy at the suppression hearing, arguing that he should have called additional witnesses and

argued additional theories.  In essence, Wiseman seeks to re-litigate his suppression motion with the

benefit of hindsight, an opportunity barred by law. *See Fowler v. Ward*, 200 F.3d at 1309.  A review

of the record, including the transcript of the suppression hearing, establishes that Torres' approach

was well within the ambit of reasonable trial strategy and did not constitute ineffective performance

5

of counsel.

12.     In addition, Wiseman has failed to demonstrate prejudice. The Tenth Circuit affirmed the trial court's denial of the motion to reconsider the denial of the motion to suppress, and noted that the ineffective assistance of counsel claim did not raise "grave doubt about the fairness of the proceedings." *United States v. Wiseman*, 172 F.3d at 1208.  Thus, Wiseman failed to show that, but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 694.  Wiseman has failed to establish either prong of *Strickland*.  Accordingly, Issue C is without merit.

13.     In Issues A and B, Wiseman contends that he is entitled to application of the holdings in *Apprendi v. New Jersey*, 530 U. S. 466, 120 S.Ct. 2348 (2000) and *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090 (2000).  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime  beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63.  In *Castillo*, the Court interpreted 18 U.S.C. § 924(c)(1) and held that, by its references to particular types of firearms, Congress intended to define a separate, aggravated crime, not  simply to authorize an enhanced penalty.  *See Castillo*, 120 S.Ct. at 2096.

14.     The Government argues that *Apprendi* and *Castillo* should not be applied retroactively, relying in part upon *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000), *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000), *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000), and *Sustache-Rivera v. United States*, 221 F.3d 8 (1st Cir. 2000).  However, these authorities involve successive applications, which by statute require a showing that the new rule was "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 ¶ 8 (2).  Because the instant

Motion is not a second or successive petition, the Government's reliance on these authorities is misplaced.

15.     The Government also contends that Issues A and B are barred by *Teague v. Lane*, 489 U.S. 288 (1989) because the holdings of *Apprendi* and *Castillo* are inapplicable on § 2255 review. In general, new constitutional rules of criminal procedure only apply retroactively "to all cases, state or federal, pending on direct review or not yet final." *Griffin v. Kentucky*, 479 U.S. 314, 328 (1987). Such rules are inapplicable to cases that became final prior to the announcement of the new rule, subject to two exceptions. *Teague*, 489 U.S. at 307. First, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal-lawmaking authority to proscribe.' " *Teague,* 489 U.S. at 311.  Second, "a new rule should be applied retroactively if it requires the observance of those procedures that ... are implicit in the concept of ordered liberty." *Id.*

16.     The holdings of *Apprendi* and *Castillo* present new rules of constitutional criminal procedure.  *See United States v. Heckard*, ____ F. 3d ____, ____ 2001 WL 15532, *9 (10th Cir. 2001) (*Apprendi*); *Parham v. United States*, 2000 WL 1466102 (D.Md. 2000) (*Castillo*).  *Teague* would prohibit retroactive application of these holdings unless they fall within one of the two *Teague* exceptions. The holdings of *Apprendi* and *Castillo* clearly fall outside the ambit of the first *Teague* exception.  *See Jones v. Smith*, 231 F.3d 1227, 1237 (9th Cir. 2000). Thus, the true question is whether they fall within the second exception.  To qualify under the second *Teague* exception, the new rule must (1) relate to the accuracy of the conviction and (2) "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Sawyer v. Smith*, 497 U.S. 227, 242 (1990). The Court has determined that *Apprendi* and *Castillo* do not satisfy these

7

requirements.

17.    At least one circuit has refused to apply *Apprendi* to an initial habeas corpus petition. *Jones*, 231 F. 3d at 1237.  In *Jones*, the Ninth Circuit held that the new rule announced in *Apprendi* did not satisfy the *Teague* requirements for retroactivity. *Jones*, 231 F.3d at 1237-38.  Several district courts have also determined that *Apprendi* does not apply to initial habeas corpus petitions.  *See Klein v. United States*, 125 F.Supp.2d.460, 2000 WL 1855090, *5 (D.Wyo. Dec. 19, 2000); *Levan v. United States*, ____ F.Supp.2d. ____, 2001 WL 50502 (E.D.Pa. Jan. 18, 2001); *Panoke v. United States*, ____ F.Supp.2d. ____, 2001 WL 46941 (D.Hi. Jan. 5, 2001); *United States v. Gibbs*, 129 F.Supp.2d. 7000, 2000 WL 1909627 (E.D.Pa. Dec. 19, 2000); *Ware v. United States*, 124 F.Supp.2d. 590 (M.D.Tenn. 2000); *West v. United States*, 123 F.Supp.2d 845 (D.Md. 2000); *United States v. Pittman*, 120 F. Supp. 2d 1263 (D.Or. 2000).  While research has not revealed a circuit opinion addressing the retroactivity of *Castillo*, at least one district court has held that it does not apply to initial habeas corpus petitions.  *Parham v. United States*, 2000 WL 1466102 (D.Md. 2000).

18.    In response to the Government's *Teague* argument, Wiseman failed to cite authority applying *Apprendi* or *Castillo* retroactively.  Wiseman's argument that *Teague* does not apply on cases brought under § 2255 is unavailing.  *See United States v. Martinez*, 139 F.3d 412, 415-16 (4th Cir.1998) (*Teague* applies to actions for collateral relief under § 2255.)  Under these circumstances, *Apprendi* and *Castillo* do not satisfy the requirements of either *Teague* exception.  Accordingly, Wiseman is not entitled to benefit of retroactive application of these new rules.  Issues A and B lack merit and should be dismissed.

## RECOMMENDED DISPOSITION

I recommend that Wiseman's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody be **DENIED** and this case **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**